UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUMAR JONES,

           Plaintiff,

v.                                             Case No. 16-cv-1687-pp

KELLI WEST, MICHELLE HAESE,
KELLY SALINAS, ALAN DEGROOT,
MICHAEL DONOVAN, and
SCOTT ECKSTEIN,

           Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING AMENDED COMPLAINT (DKT. NO. 8), AND ORDERING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

---

       The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The plaintiff filed an amended complaint on January 30, 2017. Dkt. No. 8. The amended complaint replaces his original complaint. This order resolves his motion and screens his amended complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain

1

conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On January 6, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $21.98. Dkt. No. 7. The plaintiff paid that fee on January 19, 2017. Accordingly, the court will grant the plaintiff's motion. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.  Screening the Plaintiff's Amended Complaint

The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States;

2

and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   **The Plaintiff's Allegations**

The plaintiff alleges that he learned in mid-April 2016 from a fellow inmate named Ouati Ali that a list had been posted in the chapel, inviting inmates to sign up for bagged meals to accommodate their observation of Ramadan, which was to begin in June.[1] Dkt. No. 8 at 4. Ali told the plaintiff that he'd heard this from yet another inmate, Kamani Ward, and that Ward had indicated that while the list had been posted in the chapel for about three weeks, it wasn't posted any longer. Ward had indicated that he believed that the list required inmates to sign up for the meals by April 7, 2016. Id.

The plaintiff alleges that he sent an information request to defendant Michael Donovan, the chaplain, asking whether the deadline had, in fact, been April 7, 2016, and inquiring why a memo advising inmates of the list and deadline had not been sent to the entire institution. Id. On April 15, 2016,

---

[1] In 2016, Ramadan started on June 6 and ended on July 5. See https://www.timeanddate.com/ holidays/us/ramadan-begins (last visited on January 25, 2017); dkt. no. 8 at 7.

3

Donovan responded that "[he] was directed by management that [he] could post an announcement only in the chapel and library." Id. at 5.

That same day, the plaintiff, along with inmate Ali, spoke to Donovan about the fact that he had not had his name added to the Ramadan list because he'd missed the deadline by seven days. Id. Donovan explained that there had been a change in the DAI notification policy regarding religious observances. Id. He said that notifications would be posted only in the chapel or library. Id. The plaintiff told Donovan that notifications of changes to other prison policies were posted, and asked why that wouldn't be true for changes in policies about religious observances. Id. Donovan directed the plaintiff and Ali to contact defendant Michelle Haese in the social services department. Id.

The plaintiff wrote Haese a letter asking to be added to the Ramadan list. Id. Haese denied his request on April 16, 2016. Id. In her response, Haese stated,

> Green Bay Correctional Institution used to make notifications on the Institution channel 8 to provide notification of Congregate Meal Dates. For the 2016 [sic], GBCI surveyed other maximum security institutions, as well received [sic] feedback from DAI Central Office to ensure we were completing all expectations for proper notification to our inmates. Despite being a change to our procedure, we found by posting our 2016 Mult-Day [sic] Religious meal Accommodation & Congregate Meal Dates to our chapel, library, and RSHU (Restricted Housing Unit) Carts not only do we remain in-line with policy, we are also comparable to procedure [sic] of other max sites.

Id.

On April 19, 2016, the plaintiff sent a letter to defendant Scott Eckstein, the warden, asking to be added to the Ramadan list. Id. at 6. The warden did

4

not respond to the plaintiff's letter in writing, but he met with the plaintiff and other inmates on April 22, 2016. Id. Eckstein explained that he was a new warden and asked the inmates to explain to him how Ramadan worked at Green Bay. Id. The plaintiff and the other inmates explained that notifications always had been posted on "channel 8," but that now that policy had changed. Id. Eckstein asked why the inmates had not signed up while the lists were posted in the library and chapel. Id. The plaintiff explained that an inmate must request to go to the library and it may take up to a week to get a pass, which lasts for only an hour. Id. The plaintiff also explained that he had recently stopped going to the chapel because there was constant gang activity there and that it was his understanding that he was not required to attend Jumuah services while in prison. Id.

The plaintiff then explained that he had asked Haese to add him to the list, but that she had denied his request. Id. Eckstein stated that he would talk to Haese. Id. He said that he was very busy but he would "get back with [the inmates]." Id.

On April 24, 2016, plaintiff complained to defendant Alan DeGroot (an institution complaint examiner at Green Bay) that he was being denied participation in Ramadan. Id. at 7. DeGroot informed the plaintiff that he was responsible for knowing his own faith practices, and that there were multiple ways an inmate could get answers to questions about religious accommodations. Id. He also told the plaintiff that he could still participate in

the fast through "self-selection from the general menu or with use of canteen food products." Id.

On April 25, 2016, the plaintiff spoke to Haese about her refusal to let him participate in Ramadan. Id. Haese told the plaintiff there would be no exceptions. Id. She said the policy change came from DAI and that defendant Kelli West, the Religious Practice Coordinator, was aware of her decision to deny the plaintiff's participation in Ramadan. Id. The plaintiff complained that they couldn't deny him the opportunity to participate in Ramadan just because he didn't know the start date. Id. Haese told the plaintiff to fast on his own because he should know the start date of his religion. Id. at 8. He explained that Ramadan starts on a different date each year, but she said she didn't care; she then wished him good luck. Id.

On May 14, 2016, the plaintiff complained to defendant Kelly Salinas (the corrections complaint examiner) about being denied his request to be added to the Ramadan list. Id. He explained that he didn't know the sign-up date because it hadn't been announced on channel 8 as in years past. Id. The plaintiff states that Salinas dismissed his complaint on June 14, 2016. Id.

**B.     Analysis**

Before reaching the "meat" of the plaintiff's claims, the court notes that it will dismiss defendants Donovan, DeGroot, and Salinas. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or participated in

6

a constitutional violation. Hildebrandt v. Illinois Dept. of Natural Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).

With regard to Donovan, the plaintiff alleges only that he posted the Ramadan sign-up sheet in the chapel as directed by the new policy. When the plaintiff informed Donovan that he wanted to be added to the Ramadan list, Dononvan directed him to Haese, the prison official with responsibility for the list. It is reasonable to infer from the plaintiff's allegations that Donovan had no authority to add the plaintiff to the list, which is why he directed the plaintiff to Haese. Because Donovan was not involved in the decision to deny the plaintiff an opportunity to received bagged meals during Ramadan, the court will dismiss him as a defendant.

The court will dismiss DeGroot and Salinas for similar reasons. To establish a claim against these administrative officials for denying his grievances, the plaintiff would have to show that they were personally responsible for the alleged constitutional deprivation. See Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996). Just because an inmate has complained to prison officials does not mean that the administrator who reviewed but denied the complaint bears personal responsibility for the alleged conduct. See Adams v. Durai, 153 Fed.Appx.972, 975 (7th Cir. 2005).

Turning to the core of the plaintiff's amended complaint: The plaintiff alleges that he did not know about a change in the policy regarding notice to inmates of religious activities. Starting in 2016, rather than posting notice of religious activities on "channel 8" along with other institution notices, the

institution opted to post notice of religious activities only in the library, chapel, and on the restricted housing unit carts. Because the plaintiff did not visit those locations, he was unaware of the sign-up sheet to participate in Ramadan and missed the deadline to sign up. The plaintiff asserts that the defendants impeded his ability to practice his religion when they failed to add him to the Ramadan list even though he missed the deadline to sign up by only a week. He argues that the institution should have made an exception for him, because he did not know about the sign-up sheet due to a change in policy that had occurred without notice to the inmates.

Prisoners retain a right to free exercise of religion under the First Amendment, subject to legitimate penological demands of the state. Tarpley v. Allen County, Ind., 312 F.3d 895, 898 (7th Cir. 2002). In Conyers v. Abitz, 416 F.3d 580 (7th Cir. 2005), the Seventh Circuit Court of Appeals considered a situation in which an inmate was told he could not receive bagged dinners because he had missed the sign-up deadline. Id. at 582-83. The court rejected the institution's "rigid and unsupported assumption that a sign-up deadline like the one imposed is a reasonable administrative requirement under any circumstances." Id. at 585. The court found that "convenience and notice to prison staff" did not justify "the rejection of [the plaintiff's] request to participate in the fast, especially since he missed the notification deadline by just four days and in fact alerted the defendants that he desired to participate in the Feast of Ramadan two days before it began." Id.

In this case, the plaintiff appears to have missed the sign-up deadline by only seven days, and he asked to be added to the list almost two months before Ramadan was to begin. While it is clear that, as of late April, Haese continued to refuse to allow the plaintiff to be added to the Ramadan list, it is *unclear* whether she maintained that position through Ramadan, which, as the court noted, was observed starting in June of 2016. In other words, the plaintiff never indicates whether he did or did not receive bagged meals during Ramadan.

The plaintiff can state a claim against Haese *only* if she persisted in her refusal to add him to the Ramadan list throughout Ramadan. Similarly, the plaintiff can state a claim against Eckstein and West *only* if they knew of Haese's persistent refusal to add the plaintiff to the Ramadan list and, despite having a reasonable opportunity to intervene, turned a blind eye or condoned that refusal. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Fillmore v. Page, 358 F.3d 496, 505-06 (7th Cir.2004).

The plaintiff cannot state a claim against Haese, Eckstein, or West merely because the institution changed its notice procedures or merely because Haese *initially* refused to add the plaintiff to the Ramadan list. To put it plainly, if the plaintiff ultimately received bagged meals during Ramadan, he has no claim against any of the defendants. Certainly it may have been inconvenient and frustrating for the plaintiff to have to persistently fight to be added to the Ramadan list, but if he was eventually added, there was no constitutional violation.

The court needs additional information from the plaintiff before it can determine whether he states a claim. Specifically, the court would like to know whether the plaintiff received an accommodation with regard to his meals during Ramadan (e.g., bagged meals) that enabled him to fast as his religion requires. The court would also like to know whether West has supervisory authority over Haese and whether the plaintiff ever contacted her directly about his desire to be added to the Ramadan list.

If the plaintiff wants to proceed, he must file a second amended complaint curing the deficiencies in his amended complaint as described in this order. The plaintiff must file a second amended complaint on or before **March 31, 2017**. If the plaintiff does not file a second amended complaint by the deadline, the court will assume that he no longer wishes to prosecute this action and will dismiss this lawsuit based on his failure to diligently pursue it. See Civil L.R. 41(c). If, based on the court's explanation above, the plaintiff no longer believes that he states a claim against any of the defendants, he does not need to take any further action.

The second amended complaint must bear the docket number assigned to this case and must be labeled " Second Amended Complaint." The second amended complaint takes the place of the prior complaints and must be complete in itself without referring to or relying on the prior complaints. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If the plaintiff files a second amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

III. <u>Conclusion</u>

The court **DISMISSES** defendants Kelly Salinas, Alan DeGroot, and Michael Donovan.

The court **ORDERS** that the plaintiff may file a second amended complaint on or before **March 31, 2017**. The plaintiff should allow sufficient time for mailing so that his second amended complaint arrives by the deadline. If the plaintiff does not file a second amended complaint by the deadline, the court will dismiss this lawsuit based on the plaintiff's failure to diligently pursue it.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2).

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $328.02 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Please identify the payments by the case name and number assigned to this action.

The court also **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional

Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the institution where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 27th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge